291 F.2d 132
 David R. GILKEY, Charles Gilkey, David Satre, Jesse Lewis and Claude Verrall, d/b/a Chapman Manufacturing Company, a Partnership, and General Insurance Company of America, a Corporation, Appellants,
v.
ANDREW WEIR INSURANCE COMPANY, Ltd., British Commercial Insurance Company, Ltd., City General Insurance Company, Ltd., Saskatchewan Government Insurance Office, and John Fawcett, individually and as the representative of Underwriters at Lloyd's, London, England, subscribing certificates L.M. 2109 and L.M. 2110, Appellees.
 No. 17026.
 United States Court of Appeals Ninth Circuit.
 March 30, 1961.
 Rehearing Denied May 5, 1961.
 
 Philip S. Brooke, Spokane, Wash., for appellant; Hamblen, Gilbert & Brooke, Spokane, Wash., of counsel.
 Benjamin H. Kizer, Spokane, Wash., for appellee; Graves, Kizer & Gaiser, Spokane, Wash. (Kizer, Gaiser, Stoeve, Layman & Powell, Spokane, Wash., on rehearing), of counsel.
 Before POPE, HAMLEY and MERRILL, Circuit Judges.
 MERRILL, Circuit Judge.
 
 
 1
 Two insurance companies, each having insured the same risk, here litigate the question as to which is obliged to assume the liability of the insured for damages resulting from an automobile accident. Jurisdiction is conferred by diversity of citizenship.
 
 
 2
 Ellis, the owner of a truck, leased the truck to Chapman Manufacturing Company of Corvallis, Oregon. By the terms of his lease Ellis agreed to furnish the truck, a driver and public liability insurance in the sum of $50,000. The insurance was secured by Ellis through Colonial Insurance Company of California as primary insurer with liability limited to $10,000 and appellees (hereinafter referred to as "Lloyds") as secondary insurers with their (Lloyds') combined total liability limited to $40,000.
 
 
 3
 At the time of the accident Chapman had its own comprehensive liability policy issued by appellant General Insurance Company of America which insured Chapman's operations against public liability with a limitation of $100,000.
 
 
 4
 On July 29, 1953, a collision occurred in the State of Washington between the rented truck, operated by the driver who had been supplied by the owner, and another truck. As a result, the operator of the other truck was killed. In an action brought by the administratrix of his estate, judgment against Chapman was entered in the sum of $51,904. Chapman had notified all insurers of the commencement of the action and had called upon them to defend. General Insurance Company was the only one to respond. Judgment was satisfied by General and it sought recoupment from the other insurers. Colonial responded in the sum of $10,000, and this action was brought against Lloyds for the balance.
 
 
 5
 The district court decided in favor of Lloyds. It ruled that while Lloyds had insured only Chapman, General had also insured the driver. It concluded that should judgment be rendered against Lloyds, Lloyds could, by proceeding against the driver for his negligence, recover its loss from General. To preclude such circuity of action judgment was rendered against General.
 
 
 6
 General asserts that this was error for the reason that it had not insured the driver. The applicable omnibus clause of General's policy reads as follows:
 
 
 7
 "III. Definition of `Insured'":
 
 
 8
 "The unqualified word `Insured,' whenever used, includes not only the named insured but also * * * (3) any person while using an automobile owned or hired by the named insured * * * provided the actual use is with the permission of the named insured * * *. The insurance with respect to any person or organization other than the named insured does not apply:
 
 
 9
 "(a) to the owner of a non-owned automobile or to * * * any employee of such owner with respect to such automobile * * *."
 
 
 10
 The district court ruled that subparagraph (a) was wholly inconsistent with the specification of "any person" in the main body of paragraph III; that an ambiguity thus was created which should be resolved in favor of coverage.
 
 
 11
 In this we feel the court erred. We regard subparagraph (a) as no more than a limitation upon the liability clause preceding it. "Any person" is not to include the owner or an employee of an owner of a car not owned by the insured.
 
 
 12
 The driver, then, was not insured by General and circuity of action is avoided. It thus becomes necessary to ascertain the respective obligations of Lloyds and General under their respective policies.
 
 
 13
 Lloyds first points to the fact that throughout its policies frequent references are made to the "Primary Insurers," thus making it clear that its liabilities are to be secondary to any primary insurance. It asserts that General is a "primary insurer" since its policy places upon it obligations characteristic of primary insurers. This contention is without merit. The words "Primary Insurers," as used in Lloyds' policies, are expressly stated to have reference to Colonial Insurance Company. General is nowhere mentioned. The respective liabilities of the parties must then be determined in the light of their respective general clauses with reference to "other insurance."
 
 
 14
 Lloyds, as secondary insurer to Colonial, incorporated provisions of Colonial's policy. Among these was the condition:
 
 
 15
 "Other Insurance. If the insured * * * carries other insurance against loss covered by this policy, whether or not valid or collectible, this policy becomes excess over and above such other insurance."
 
 General's policy included the following:
 
 16
 "Other Insurance. If at the time of an occurrence there is any other insurance available to the insured (in this or any other carrier) there shall be no insurance afforded hereunder as respects such occurrence except that if the applicable limit of liability of this policy is in excess of the applicable limit provided by the other insurance available to the insured this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. It is further provided that with respect to loss arising out of the operation, maintenance or use of any non-owned automobile the applicable insurance afforded by this policy shall be excess over and above such other available insurance. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured."
 
 
 17
 This accident occurred in the State of Washington and suit was brought in the district court for the Western District of Washington. Determination of issues of law must be in accordance with the laws of that state. Washington recognizes the general rule of conflict of laws to the effect that the law of the place where a contract is entered into controls the determination of the rights and liabilities of the parties under that contract. Williams v. Steamship Mutual Underwriting Association, 1954, 45 Wash.2d 209, 273 P.2d 803, 815. All of the policies under consideration were, by all parties, executed in Oregon. Washington therefore would look to Oregon to determine the law governing the rights and liabilities of the parties under the policies.
 
 
 18
 The law of Oregon has been established as to the problem which this case presents.
 
 
 19
 In 1959, the Supreme Court of Oregon was confronted with a dispute between insurers of the same risk as to which, under the respective "other insurance" clauses of their policies, should be held the primary insurer. Lamb-Weston, Inc. v. Oregon Automobile Insurance Company, 1959, 219 Or. 110, 341 P.2d 110, 346 P.2d 643. Following this court's construction of Oregon law in Oregon Automobile Insurance Company v. United States Fidelity & Guaranty Company, 9 Cir., 1952, 195 F.2d 958, the Oregon Supreme Court (in the first of the two cited opinions) held that the two clauses were mutually repugnant and should be rejected in toto. In the second cited opinion, upon rehearing, it held that the loss must be prorated between the two companies in proportion to the liability limits provided by their respective policies.
 
 
 20
 The Oregon court carefully considered and rejected criteria upon which other courts had relied in determining which of two insurers was to be regarded as primarily liable. The court stated, 341 P.2d 119:
 
 
 21
 "The `other insurance' clauses of all policies are but methods used by insurers to limit their liability, whether using language that relieves them from all liability (usually referred to as an `escape clause') or that used by St. Paul (usually referred to as an `excess clause') or that used by Oregon (usually referred to as a `prorata clause'). In our opinion, whether one policy uses one clause or another, when any come in conflict with the `other insurance' clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto."
 
 
 22
 This decision has been followed in Oregon in Cimarron Insurance Company v. Travelers Insurance Company, 1960, Or., 355 P.2d 742, and has since been recognized by this court as establishing the Oregon law upon the problem here presented. Travelers Insurance Company v. Peerless Insurance Company, 9 Cir., 287 F.2d 742; General Accident Fire & Life Assurance Corporation v. Continental Casualty Company, 9 Cir., 287 F.2d 464.
 
 
 23
 Accordingly, we conclude that under applicable state law the two clauses in question are mutually repugnant and that the liability of the parties must be prorated in proportion to the liability limits provided by their respective policies.
 
 
 24
 Reversed and remanded with directions to enter judgment in accordance with this opinion.
 
 
 25
 On Petition for Rehearing.
 
 
 26
 PER CURIAM.
 
 
 27
 Appellee Lloyd's contends that we should have held that proration, under the Oregon rule, should have been applied as between Colonial and General only, disregarding Lloyd's. We do not see why this should be done. Apparently appellee still argues that its words "Primary Insurers" operate to leave it out of the picture. Our opinion explained why we think that is not so.
 
 
 28
 Lloyd's did cover this particular liability. In effect, it was an adjunct to Colonial. Since it covered, and incorporated by reference the same "other insurance" clause of Colonial, we see no reason why Lloyd's should be held wholly non-liable for a loss which it expressly covered.
 
 
 29
 Complaint is made that we disregarded three California cases, including Peerless Casualty Co. v. Continental Casualty Co., 144 Cal.App.2d 617, 301 P.2d 602. But as we noted in Travelers Insurance Company v. Peerless Insurance Company, 9 Cir., 287 F.2d 742, the California courts do not accept the rule of proration adopted in Oregon. The California case last cited noted this, suggesting that were that case decided under Oregon law, a different result, requiring contribution from Lloyd's "might well be defensible."[1]
 
 
 30
 The petition for rehearing is denied.
 
 
 
 Notes:
 
 
 [1]
 The court said (301 P.2d at page 608): "There can be no doubt that when a policy provides coverage for the excess over primary insurance to a specifically stated amount only, such provision must be given effect. Such insurance fulfills a special need for excess coverage at a special lower premium, comparable to insurance with a certain amount deductible from loss (own risk). However, when the excess clause is so formulated as to give the policy which contains it the advantage, not only over primary coverage to a specific amount, but also over all other unknown insurance which contributes in the loss, together with said specific primary insurance, it is doubtful whether such clause in that respect differs from other general clauses by which insurers try to shift the burden of a loss to possible other insurers and whether it should be held more invulnerable than such other clauses. On the basis of the Oregon case prorating with other insurance exceeding the stated amount of primary insurance might well be defensible. However, as stated before, the solution of the Oregon case is not generally accepted law, and with respect to the problem here under consideration, it is not accepted in California."