[Civ. No. 19405. First Dist., Div. One. Mar. 7, 1962.]

GLOBE INDEMNITY COMPANY, Plaintiff and Respondent, v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY OF KANSAS CITY et al., Defendants and Appellants.

Berry, Davis & Channell and Richard G. Logan for Defendants and Appellants.

Appelbaum, Mitchell & Bennett and Bryant M. Bennett for Plaintiff and Respondent.

TOBRINER, J.—As we point out later in more detail, the insurance carrier's attempt here to escape liability for the loss accruing from the negligence of a permissive user must fail. The carrier cannot retreat into the restrictions of an asserted special condition because that condition depended for operative effect upon certification, and the policy was never certified. As of the date of the liability here, the provisions of the applicable financial responsibility laws were incorporated into the policy, and the insurance carrier must afford coverage to the full extent of its policy rather than only to the minimum amount of the legislation. The permissive user assumes the status of an assured and gets the full benefit of the policy. The insurer must discharge the whole responsibility which the Legislature placed upon the owner as to the tort of the permissive user.

On January 2, 1957, John L. Moore, a prospective customer, borrowed an automobile owned by E. N. Hacker, a used car dealer in Oakland, California. While driving the borrowed automobile, with the permission of Hacker, Moore negligently collided with an automobile owned and driven by Roger M. Roper, injuring Roper and damaging both automobiles.

Moore, the driver, carried insurance under a policy issued by respondent, Globe Indemnity Company (hereinafter called Globe) covering liability with limits of $5,000 for bodily injuries for each person, $10,000 for bodily injuries in any one accident and $5,000 for property damage for each accident. The policy likewise provided that coverage afforded Moore while driving a non-owned automobile would be excess. Hacker, the dealer, carried an "Automobile Garage Liability Policy" issued by appellant Universal Underwriters Insurance Company (hereinafter called Universal), with limits of $300,000 for bodily injury to each person, $500,000 for all bodily injury liability in any one accident and $50,000 for property damage for each accident. The policy also provided that the coverage of the named insureds while using an automobile not specified in the policy should be excess over any other valid and collectible insurance.

Roper brought an action against both Hacker and Moore for personal injuries and recovered a judgment of $10,000 against Moore and, pursuant to provisions of former section 402 (present §§ 17150-17157) of the Vehicle Code, a judgment of $5,000 against Hacker. Hacker cross-complained and obtained a judgment of $2,362.23, plus interest, against Moore for damage to Hacker's automobile. Moore tendered the defense of the action to Universal and it refused. Later, Roper sued the same parties for property damage to his automobile; the litigation did not reach the trial level because counsel stipulated that the court could adjudicate such rights of the parties in the instant declaratory relief action. Respondent sought relief against the driver, Roper, as well as against the owner, Hacker, and the insurance carrier, Universal, praying that the court determine the rights of all of the parties under the terms of the insurance policies and that Universal be required to indemnify respondent for all court costs and attorney fees expended on behalf of Moore in the action for personal injuries.

The trial court held: (1) The Universal policy provided primary coverage to Moore, the permissive user, for bodily injury, for an amount in excess of the judgment ($10,000). (2) The Universal policy provided primary coverage to Moore for property damage to Roper's automobile. (3) The Globe policy was excess over the Universal policy. (4) The Universal policy provided the only coverage to Moore for Hacker's judgment against Moore for property damage to Hacker's car.

We set forth in the footnote the statutes as they read at the time of the accident.[1] Following a revision of the Vehicle Code in 1959, the Legislature amended the statutes and changed the numbering; we have followed the parties in referring to the sections by the numbers they bore when enacted.

We find no merit in appellants' triple attack upon the judgment: first, that the court erred in holding that the Universal policy covered the permissive driver, Moore; second, that the court erred in affording Moore full coverage under the policy; and, third, that the court erred in ruling that the policy covered Moore as to the property damage inflicted upon the automobile which he was driving.

Turning to appellants' first issue, we believe that the trial court properly held Moore to be an insured under the Universal policy. It is true that the definition of "insured" in the policy itself does not include persons using the designated automobile with the permission of the named insured. ▮▮▮ The controlling decision of *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31, 39 [307 P.2d 359], however, declares that "for an insurer to issue a policy of insurance which does not cover an accident which occurs when a person, other than the insured, is driving with the permis-

---

[1] Vehicle Code section 415: "Requisites of Motor Vehicle Liability Policy. (a) A 'motor vehicle liability policy,' as used in this code means a policy of liability insurance issued by an insurance carrier . . . to or for the benefit of the person named therein as assured, which policy shall meet the following requirements:

" . . . . . . . . . .

"(2) Such policy shall insure the person named therein and *any other person using* or responsible for the use of said motor vehicle or motor vehicles *with the express or implied permission* of said assured.

"(3) [Establishes the financial responsibility limits of $5,000 and $10,000 for bodily injury and $1,000 for damage to the property of others. All policies must contain this minimum coverage.]

" . . . . . . . . . .

"(d) Any liability policy issued hereunder need not cover any liability for . . . damage to property in charge of the assured or the assured's employees or agents." (Stats. 1943, ch. 911, § 12, pp. 2761, 2767-2768.)

Vehicle Code section 402: "Liability of Private Owners. (a) Every owner of a motor vehicle is liable and responsible for . . . injury to person or property resulting from negligence in the operation of such motor vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

"(b) [Such liability is limited to $5,000 for injury to one person, $10,000 for any accident and $5,000 for damage to property of others.]" (Stats. 1951, ch. 1469, § 1, pp. 3447, 3448.)

sion and consent of the insured is a violation of the public policy of this state as set forth in sections 402 and 415 of the Vehicle Code.'' Later the court states that ''Inasmuch as sections 402 and 415 of the Vehicle Code set forth the public policy of this state such laws must be considered a part of every policy of liability insurance even though the policy itself does not specifically make such laws a part thereof.'' (P. 40.) Moore, as a permissive user of the insured automobile, must be, therefore, an insured under the Universal policy.

To defeat Moore's status as a permissive user appellants raise a series of answerable arguments which we discuss under the three subheadings which follow:

1. *Appellants' contention that the 1957 amendment to Vehicle Code section 415, which was not in effect at the time of the accident, should be construed retroactively so that Moore would not become a permissive user.*

To meet *Wildman* appellants argue that the 1957 amendment to Vehicle Code section 415,[2] which had not become effective at the time of the accident, should be construed retroactively. *American Automobile Ins. Co.* v. *Republic Indemnity Co.* (1959) 52 Cal.2d 507 [341 P.2d 675], however, completely answers the contention: ''Republic urges us to reconsider the *Wildman* case in view of an amendment of section 415 enacted in 1957 after the date of that decision. The new legislation, according to Republic, was intended to clarify the meaning of the section by showing that the requirements there set forth were not a necessary part of every automobile liability policy. The 1957 enactment does not affect the present case or the correctness of our holding in the *Wildman* case. The amendment is not retroactive and therefore has no direct application to the accident involved here, which took place prior to 1957. It makes a material change in the phraseology of the section, and such a change is ordi-

---

[2]In 1957 the Legislature amended section 415 to provide as follows: ''Requisites of Motor Vehicle Liability Policy. (a) A 'motor vehicle liability policy,' as used in this *chapter* means *an owner's policy or an operator's policy, or both,* of liability insurance, *certified as provided in Section 414 as proof of ability to respond in damages,* issued by an insurance carrier authorized to transact such business in this State to or for the benefit of the person named therein as assured.'' (Emphasis added to indicate changes; Stats. 1957, ch. 1654, § 1, p. 3034; *cf.* Stats. 1943, ch. 911, § 12, pp. 2761, 2767.)

This amendment introduced into section 415, for the first time, a requirement of certification.

narily viewed as showing an intention on the part of the Legislature to change the meaning of the provision rather than interpret it. (*Whitley* v. *Superior Court*, 18 Cal.2d 75, 79 [113 P.2d 449]; *Estate of Todd*, 17 Cal.2d 270, 274-275 [109 P.2d 913].)'' (P. 511; footnote omitted.) (See also: *Interinsurance Exchange* v. *Ohio Casualty Ins. Co.* (1961) *(Cal.App.) 17 Cal.Rptr. 259.)

Not only does *American* specifically refute appellants' contention but in a very recent instance the Second District Court of Appeal again rejected appellant Universal's assertion of the same argument. That court in *Royal Exchange Assurance* v. *Universal Underwriters Ins. Co.* (1961) 188 Cal. App.2d 662 [10 Cal.Rptr. 686] said: ''The appellant asks that the reasoning of the *Wildman* case be reconsidered in the light of an amendment to section 415 of the Vehicle Code which became effective after the date of that decision and after the date of the accident in the present case. Universal argues that 'the new legislation was meant to clarify the existing law of this State rather than establish new law.' But such argument was rejected by the Supreme Court in the *American Automobile Insurance Company* case. . . .'' (P. 666.)

2. *Appellants' contention that Moore did not become a permissive user because the policy was not certified and therefore no liability accrued under the policy.*

█ Appellants argue that ''As the Universal policy was never 'certified' it is . . . clear that Moore was not an insured thereunder by virtue of the quoted provision pertaining to financial responsibility laws.'' Appellants suggest that, *because* condition 8 did not function, Moore did not become a permissive user under the financial responsibility laws. While it is true that condition 8 never became an operative part of the contract Moore acquired the status of a permissive user on the basis of *Wildman,* which incorporates into the policy sections 415 and 402 of the Vehicle Code. Not the policy, but the court's interpretation of the Financial Responsibility Law, designates Moore as an insured.

Moreover, *American* specifically rejects appellant's argument on this score: ''The conclusion that Special Endorsement No. 4 is invalid is supported by *Wildman* v. *Government*

*A hearing was granted by the Supreme Court on January 17, 1962. The final opinion of that court is reported in 58 Cal.2d 142 [23 Cal. Rptr. 592, 373 P.2d 640].

*Employees' Ins. Co.*, 48 Cal.2d 31, 37-40 [307 P.2d 359]. . . . It was expressly held that section 415 as it then read must be considered part of every automobile liability insurance policy. The section specifically required coverage of any person using the car with permission as well as coverage of the named insured, and it follows that Special Endorsement No. 4, which purports to exclude coverage of a customer of the owner, is invalid under the rules of the *Wildman* case." (P. 510.)

Appellants' reliance upon an alleged legislative adoption of the 1939 decision of the Ninth Circuit of the United States Court of Appeals in *State Compensation Ins. Fund* v. *Bankers Indem. Ins. Co.* (1939) 106 F.2d 368 collapses in the face of the above decision. Appellants argue that the Court of Appeals found that the predecessor enactment to Vehicle Code section 415, (Stats. 1929, ch. 259, § 36¾, pp. 563, 564), "did not require any insurance coverage prior to the occurrence of an accident." Not only does this federal decision specifically explain that as of the time "the courts of California have not construed this statute," (p. 372) but also the subsequent ruling in *American* completely refutes appellants' argument. Indeed appellants admit that "a contrary conclusion was reached by the Supreme Court in *American Automobile Ins. Co.*," and state "we believe that in this respect that decision is erroneous." We are bound by that decision; moreover, we find its reasoning conclusive.

3. *Appellants' contention that language in a policy effecting compliance with financial responsibility laws does not embrace permissive user coverage unless the policy is certified as required by law.*

Appellants argue that the Financial Responsibility Law as effective for the purposes of this case did not require the owner of an automobile to carry insurance until after the occurrence of an accident; it provided only that a person be able to respond in damages for injuries resulting from an accident. Appellants state "As such legislation does not require insurance prior to an accident, courts from other jurisdictions having similar legislation almost unanimously have held that language in a policy effecting compliance with such laws *to the extent required* do not extend or enlarge the coverage otherwise granted by the policy unless and until the policy is *certified* as required by law."

This proposition cannot stand because, at the time of the

16

accident, no California statute required such certification of a motor vehicle policy under the circumstances of the instant case. As a consequence, the cases cited by appellants interpret the legislation of other states, which differs from that of California. Thus appellants' quotation from *United States Fidelity & Guaranty Co.* v. *Walker* (Okla. 1958) 329 P.2d 852, 855, shows that the Oklahoma court held that the state's financial responsibility law contemplated two types of insurance policies; one, a motor vehicle liability policy, required of an operator in order to terminate the suspension of his license, and, the other, a voluntary automobile liability policy. The first called for certification. The other constituted an automobile liability policy which could be voluntarily carried and which exempted the operator from certain statutory penalties. The insurance actually involved in *United States Fidelity* provided that it was to conform to the financial responsibility laws of the state; the court held that, since the driver was not obliged to carry such insurance, it was not a " 'motor vehicle liability policy,' " but rather a voluntary policy, and therefore "not subject to the absolute liability provisions of said statute." (P. 856.)

Appellants' reliance upon *United States Fidelity* evokes a two-fold answer: first, as we have seen, Universal's liability does not, as in *United States Fidelity*, arise out of any policy provision; second, California had not established two distinct types of policies. Even though the statute in 1956 did not require an owner to maintain insurance upon his car, the insured here *did* procure such insurance. ▮▮▮ There is no statutory basis upon which we may find that the California Legislature, when referring to motor vehicle liability policies in financial responsibility legislation, intended to include only those policies required by law.[3]

▮▮▮ Since appellants fail to sustain their first major position that the policy did not cover the permissive user we

---

[3]In 1959 the Legislature drastically revised the Vehicle Code. An examination of the new sections, sections 16450 and those following, may indicate that the Legislature did intend to create two types of policies, an "owner's policy" and a "motor vehicle liability policy." Section 415, as enacted in 1956, did not contain such language. (See Stats. 1943, ch. 911, § 12, pp. 2761, 2767.) In 1956, section 415 provided that a " 'motor vehicle liability policy' . . . means a policy of liability insurance issued by an insurance carrier . . . to or for the benefit of the person named therein as assured, which policy shall meet the following requirements. . . ." (Stats. 1943, ch. 911, § 12, pp. 2761, 2767.) This language shows no intention to narrowly define such a policy.

turn to the second basic argument that the trial court erred in affording Moore coverage to the full limits of the policy. We believe that Moore assumes the status of an insured under the policy and hence receives its whole protection. Moore thus becomes an additional insured under the policy and obtains its protection as much as the "partner, employee, director or stockholder" who is specifically named in the policy's "Definition of Insured." Since the limitations of paragraph 8 do not affect the situation, and since the policy itself contains no differentiations as to those insured or the amounts of the protection, we find no basis for curtailment of Moore's coverage.

Despite appellants' criticism of the Supreme Court's language in *Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914], we believe it is both apt and pertinent to this case. There the court held that one Mason, the driver of the equipment involved, was a " 'managing employee' " (p. 433) within the omnibus clause of the policy. The policy contained this provision: " 'FINANCIAL RESPONSIBILITY LAWS Such insurance as is afforded by this policy shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable *with respect to any such liability* arising out of the existence, ownership, maintenance or use of any automobile during the policy period, to the extent of the coverage and limits of liability as required by such law.' (Italics added.) " (P. 433.) The court held that compliance with Vehicle Code section 415 did not work a reduction of the limits of the policy to the minimum which the section permitted. The court said "Here we have the seemingly explicit provision of section 415 of the Vehicle Code that 'A "motor vehicle liability policy," as used in this code means a policy . . ., which policy shall meet the following requirements: . . . (2) Such policy shall insure the person named therein and any other person using or responsible for the use of said motor vehicle . . . with the . . . permission of said assured,' and coupled with that are the provisions of the Highway Carriers Act . . . declaring that the coverage provided 'shall comply with the provisions of the motor vehicle financial responsibility law . . . which shall be applicable with respect to *any such liability* arising out of the existence . . . or use of any automobile . . . to the extent of the coverage and limits of liability required by such law.'

(Italics added.) That language cannot properly be construed to mean minimum coverage or minimum limits; rather, it must be interpreted as providing full or maximum coverage in both aspects insofar as encompassed by the law and not exceeding the clear limitations of the contract.'' (P. 438.)

As respondent points out, since the Universal policy did not set up different provisions for omnibus insureds, the fact that Mason, ''unlike Moore, became an omnibus insured through an interpretation of a policy definition'' does not differentiate the cases. The point is that once Moore became an insured by operation of law, and once Mason became an assured by application of the policy, they both were protected to the full limits of the policy. We must reject, therefore, appellants' attempt to meet the impact of the decisional language by an assertion that it ''was ill considered and should not be followed.'' Again, we find the Supreme Court language binding upon us and conclusive in its reasoning.

Appellants' reliance upon *Shapiro* v. *Republic Indemnity Co. of America* (1959) (Cal.App.) 334 P.2d 594 does not aid them because, first, as appellants recognized, the Supreme Court granted a hearing in the matter and decided the case upon a different ground (*Shapiro* v. *Republic Indem. Co. of America* (1959) 52 Cal.2d 437 [341 P.2d 289]) and second, the endorsement, there, unlike here, became effective without certification. Appellants' citation of *Landis* v. *New Amsterdam Casualty Co.* (1952) 347 Ill.App. 560 [107 N.E.2d 187], is similarly distinguishable.

Appellants' third and last main point that the policy did not cover Moore as to the property damage inflicted upon the car which he was driving falters upon the same ground as that which upset their previous position. Once Moore becomes an insured under the policy, he garners the protection of the policy. The fact that section 415, subdivision (d), of the Vehicle Code provides that the policy ''need not cover any liability for . . . damage to property in charge of the assured'' does not affect Moore's acquired status as an insured. As such he receives the full coverage, and nothing in section 415 or the Supreme Court's interpretation of it suggests that he is to get less.

■ ■ We do not believe that the provision in the policy excludes liability as to property owned by the named insured necessarily when the automobile is operated by a permissive user. The exclusion reads: ''This policy does not apply:

. . . (f) under coverage B, to injury to or destruction of (1) property owned by or rented to the insured. . . .'' But, here, Moore, the permissive user, did not own the car. He became an additional assured under the policy by operation of law. Moore damaged Hacker's car; Moore is liable; the policy protects him because the damaged car was not "property owned" by him but by Hacker. We construe the policy against the insurer because it " 'prepared the policy' " (*Narver* v. *California State Life Ins. Co.* (1930) 211 Cal. 176, 180 [294 P. 393, 71 A.L.R. 1374]) ; the "presumption favors" the insured (*Lagomarsino* v. *San Jose etc. Title Ins. Co.* (1960) 178 Cal.App.2d 455, 464 [3 Cal.Rptr. 80]). Universal cannot invoke the language of the exclusion, which it limited to the insured's "owned" property, to embrace property not owned, but borrowed by, an additional insured.

We believe that the purpose of the relevant financial responsibility law has been to place responsibility upon car owners for accidents involving such owners and permissive users. The ever increasing fatality and injury resulting from the congestion of the highways have compelled legislation to afford protection to the victim and corresponding obligation upon the owner. The cases uniformly call for broad and liberal interpretation of such legislation. (*Continental Cas. Co.* v. *Phoenix Constr. Co., supra,* 46 Cal.2d 423, 434.) Appellants here would ask a limitation upon the liability of an insurance carrier of the owner because of the presence of a clause in the policy allegedly reducing coverage in the event the policy were certified; yet the policy was never certified. Appellants ask another limitation: the reduction of the financial liability of the carrier to the minimum requirements of the Financial Responsibility Law although the decisions hold that the law automatically designates the permissive user under the policy as an assured with a status equal to that of the named insured. Neither the insurance contract nor legal theory dictates any limitation upon the carrier's coverage of such an assured. Appellants' strained suggestions for reversal of precedent and policy must fail.

We affirm the judgment.

Bray, P. J., and Sullivan, J., concurred.