[Civ. No. 10989. Third Dist. May 24, 1966.]

GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff and Appellant, v. TRUCK INSURANCE EXCHANGE, Defendant and Respondent.

William W. Coshow for Plaintiff and Appellant.

Tebbe & Correia and J. P. Correia for Defendant and Respondent.

REGAN, J.—In this action for declaratory relief, General Insurance Company of America, plaintiff and appellant herein, seeks a determination of the character of the policies issued by it and by the defendant and respondent herein, Truck Insurance Exchange. General Insurance appeals from a judgment holding Truck Insurance exonerated from liability.

General Insurance had issued a blanket liability policy insuring McDonough Logging Company, the applicable limits for a single injury being $250,000. Truck Insurance was insurer of a logging truck owned by Thomas Wagoner, the decedent herein; the limit on this policy was $25,000.

Wagoner, an independent trucker, hired out his truck, of which he was the driver, to McDonough Logging. While the truck was being loaded with logs under the direction of Beau-

champ, an employee of McDonough Logging, who was being assisted by Wagoner, a log rolled from the truck and Wagoner was killed. After a suit by Wagoner's heirs brought against McDonough Logging, General Insurance, as McDonough Logging's insurer, settled the suit for $30,000.

Thereafter, in this action for declaratory relief, the trial court found the accident was due solely to the negligence of McDonough Logging and its servants, agents and employees other than employee Beauchamp; that Wagoner was not negligent; that Truck Insurance should be exonerated from liability. Judgment was entered for defendant Truck Insurance.

There is substantial evidence in the record to support the trial court's finding that the accident was due solely to the negligence of McDonough Logging and the judgment in this regard will not be disturbed. The question remaining is the application of the insurance—determining which insurer or insurers cover the liability of McDonough Logging and, if there is more than one insurer, in what proportion each must bear the liability.

When this matter was tried both parties and the trial court overlooked the clause providing that "use of the automobile includes the loading and unloading thereof," which is included in the Truck Insurance policy. The trial court's findings and conclusions of law were premised on the fact that this loading clause was not within the Truck Insurance policy. On appeal the parties discovered and conceded that the Truck Insurance policy did contain a "loading clause," and thereafter argued and filed supplemental briefs.

We conclude that since the Truck Insurance policy included a "loading and unloading" clause, McDonough Logging was "using" Wagoner's truck with Wagoner's permission. (See e.g., *American Auto Ins. Co.* v. *Transport Indem. Co.,* 200 Cal.App.2d 543 [19 Cal.Rptr. 558]; *Standard Acc. Ins. Co.* v. *Hartford Acc. & Indem. Co.,* 206 Cal.App.2d 17, 21-22 [23 Cal.Rptr. 424); *Colby* v. *Liberty Mut. Ins. Co.,* 220 Cal.App.2d 38, 44 [33 Cal.Rptr. 538]; *Columbia Southern Chemical Corp.* v. *Manufacturers & Wholesalers Indem. Exchange,* 190 Cal.App.2d 194, 202-203 [11 Cal.Rptr. 762], disapproved on other grounds in *Continental Cas. Co.* v. *Zurich Ins. Co.,* 57 Cal.2d 27, 38 [17 Cal.Rptr. 12, 355 P.2d 455].)

The Truck Insurance policy does not expressly provide coverage for permissive users falling within the class of McDonough Logging. However, under Vehicle Code section

16451 (formerly section 415), which requires that an owner's policy of liability insurance shall insure any person using the motor vehicle with the permission of the insured, McDonough Logging is an insured by operation of law, for this section is deemed part of the policy. (*Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31, 38-39 [307 P.2d 359]; *Bohrn* v. *State Farm etc. Ins. Co.*, 226 Cal.App.2d 497 [38 Cal.Rptr. 77]; *American Auto Ins. Co.* v. *Transport Indem. Co., supra,* 200 Cal.App.2d at p. 553.)

General Insurance is also obligated within its policy limits to pay all sums which McDonough Logging would become obligated to pay for damages resulting from injury or death arising out of the use of nonowned automobiles, including the loading and unloading thereof.

■ Where, as here, two insurance policies apply to the same risk, the relative application thereof is generally determined by the explicit provisions of the respective "other insurance" clauses. (*American Auto. Ins. Co.* v. *Republic Indem. Co.*, 52 Cal.2d 507 [341 P.2d 675]; *Miller* v. *Western Pioneer Ins. Co.*, 237 Cal.App.2d 138 [46 Cal.Rptr. 579].)

■ "There are three types of limiting clauses in 'other insurance' provisions: (1) a 'prorate' clause provides for apportionment of a loss with other valid and collectible insurance; (2) an 'excess' clause provides coverage for loss only in excess of other valid and collectible insurance; and (3) an 'escape' clause attempts to avoid all liability where there is other valid and collectible insurance." (*Firemen's Ins. Co.* v. *Continental Cas. Co.*, 170 Cal.App.2d 698, 700 [339 P.2d 602]; for discussion of these three types, see *Peerless Cas. Co.* v. *Continental Cas. Co.*, 144 Cal.App.2d 617, 621 [301 P.2d 602], and *Firemen's, supra,* at pp. 700-701.)

In the instant case, both policies contain an "other insurance" clause. The Truck Insurance policy provides that "the insurance afforded by this policy shall be excess insurance over any other insurance available to the insured, either as an insured under a policy applicable with respect to the automobile, or otherwise, against a loss covered by this policy."

The "other insurance" clause of General Insurance provides that "if at the time of an occurrence there is any other insurance available to the insured (in this or any other carrier) there shall be no insurance afforded hereunder as respects such occurrence except that if the applicable limit of liability of this policy is in excess of the applicable limit provided by the other insurance available to the insured this

policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability offered by this policy. It is further provided that with respect to loss arising out of the operation, maintenance or use of any nonowned automobile the applicable insurance afforded by this policy shall be excess over and above such other available insurance. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured.''

The clause of the Truck Insurance policy is an ''excess'' clause, for it provides coverage for loss only after exhaustion of other valid collectible insurance. The clause of the General Insurance policy is a composite of escape and excess clauses. That is, excepting nonowned automobiles, where the insured of General Insurance does have other available insurance, General Insurance will not provide coverage for any loss unless its policy limit exceeds the policy limit of the other insurance. In that event, General Insurance will provide coverage for the loss in excess of the other insurance but only to the extent of the maximum limit of its policy less the amount of the other insurance policy limit. As to nonowned automobiles General Insurance will provide coverage for loss only in excess of other available insurance. This latter clause, as the Truck Insurance clause, is the standard ''excess'' clause.

Both insurers argue that the other should be primarily liable. Truck Insurance argues that it is only equitable that a negligent permissive user (McDonough Logging) should bear the ultimate burden of the loss rather than the innocent owner or his insurer. We cannot agree with this contention. The purpose of indemnity insurance is to provide protection for the ''wrongdoer.'' We can see no difference between the equities of an insurer whose named insured (McDonough) is the actual wrongdoer and another insurer whose named insured (Wagoner) is the owner of the vehicle which the wrongdoer uses. (See *Pacific Indemnity Co.* v. *Liberty Mutual Ins. Co.*, 239 Cal.App.2d 346, 352 [48 Cal.Rptr. 667].)

General Insurance argues that Truck Insurance should be primarily liable, for General's ''other insurance'' clause is more strongly worded that the Truck Insurance clause. In support of this argument appellant relies on *Continental Cas. Co.* v. *Weekes* (Fla.) 74 So.2d 367 [46 A.L.R.2d 1159]. We disagree with appellant's claim that its ''other insurance''

clause is substantially the same as that in the *Weekes* case. In the *Weekes* case the court was considering a standard excess clause in a policy issued by Aetna Casualty and Surety Company, and a clause in the policy of Continental Casualty that specifically provided that the insurance did not apply: ". . . (4) to any liability for such loss as is covered on a primary, contributory, excess, or any other basis by insurance in another insurance company." (74 So.2d at p. 367.) The court giving effect to the escape clause in the Continental policy, ruled that there was no valid and collectible insurance available to the insured.

We do not quarrel with the fact that the General Insurance "other insurance" clause incorporates the element of escape, but in the instant case we are not concerned with the ramifications of this aspect of the clause; instead, our determination must be made on the excess aspect of the clause which becomes operative because a nonowned automobile is involved.

█ "The inherent nature of the problem of 'other insurance' requires a case by case treatment." (*Continental Cas. Co.* v. *Hartford Acc. & Indem. Co.*, 213 Cal.App.2d 78, 87 [28 Cal.Rptr. 606].)

█ Here both policies cover the same occurrence and both policies contain excess clauses. If we were to give effect to each of these other insurance clauses we would be compelled to rule that neither policy provides coverage for the loss incurred by the insured, McDonough Logging. This is not the result that we intend should be reached; nor do we see justification for choosing one policy over the other as being primarily liable.

In *Gilkey* v. *Andrew Weir Ins. Co.*, 291 F.2d 132, the court had before it the identical clause of General Insurance that is before this court, and an opposing policy excess clause which provided that if the insured carries other insurance against loss covered by the insurer, whether or not valid or collectible, the policy becomes excess over and above such other insurance. The court, applying Oregon law, ruled the two clauses to be mutually repugnant and that the liability of the parties must be prorated. Cited California cases were disregarded because "the California courts do not accept the rule of proration adopted in Oregon." (*Gilkey* v. *Andrew Weir Ins. Co., supra,* 291 F.2d at p. 136.)

After the *Gilkey* case was decided, in a situation where one policy's excess clause applied only to the use of nonowned automobiles, and the other policy's excess clause applied to the use of owned automobiles, the appellate court in *Athey* v.

*Netherlands Ins. Co.*, 200 Cal.App.2d 10 [19 Cal.Rptr. 89], held that where such "other insurance" clauses are included in opposing policies, because each policy is "other insurance" as to the other, providing excess coverage only, there is no longer any primary coverage; that in order that the insurers who have undertaken a single and common burden should not be absolved entirely, and to protect the insured, the loss must be prorated between the policies.

Later cases, including one recently decided by this court, in which opposing policies' excess clauses have been involved, have held as in *Athey* that the loss must be prorated. (*United States Steel Corp.* v. *Transport Indem. Co.*, 241 Cal.App.2d 461 [50 Cal.Rptr. 576]; *American Motorists Ins. Co.* v. *Underwriters at Lloyd's London*, 224 Cal.App.2d 81 [36 Cal. Rptr. 297]; *Continental Cas. Co.* v. *Hartford Acc. & Indem. Co.*, *supra*, 213 Cal.App.2d 78; *Farmers Ins. Exch.* v. *Continental Nat. Group*, 213 Cal.App.2d 91 [28 Cal.Rptr. 613].) We see no reason why the two insurers here should not be required to prorate the loss incurred by McDonough Logging. The cost of the defense incurred ($1,087.79) should likewise be prorated. (See *Continental Cas. Co.* v. *Zurich Ins. Co.*, *supra*, 57 Cal.2d at pp. 35-38; *Oregon Auto Ins. Co.* v. *United States Fidelity & Guar. Co.*, 195 F.2d 958.)

Truck Insurance contends that if this court should hold that both insurers must prorate the loss, its prorated share for the amount should be $10,000 rather than the full limit of its policy, which is $25,000, since McDonough Logging is an insured by operation of law under Vehicle Code section 16451, which requires coverage only in the amount of $10,000.

There is substantial authority holding that where a permissive user (and McDonough Logging is such) assumes the status of an insured by operation of law he is protected to the full limits of the policy absent express liability differentiations as to those insured. (*Pacific Indem. Co.* v. *Universal etc. Ins. Co.*, 232 Cal.App.2d 541, 543 [43 Cal.Rptr. 26]; *Financial Indem. Co.* v. *Hertz Corp.*, 226 Cal.App.2d 689, 698 [38 Cal. Rptr. 249]; *Globe Indem. Co.* v. *Universal Underwriters Ins. Co.*, 201 Cal.App.2d 9, 17-18 [20 Cal.Rptr. 73].) There is no liability differentiation as to the insured in the policy of Truck Insurance. There is no reason why the law of these cases should not be applicable in the instant case.

General Insurance contends that its prorated share should be $225,000, rather than $250,000. It arrives at this lesser amount by applying the limited excess provision of its "other

insurance'' clause, which provides that where General Insurance's limit is in excess of the limit of the other insurance available to the insured, ''this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy.''

If this portion of the excess clause were applicable the prorated share of General Insurance would be $225,000; but to apply this clause would be to ignore the ''other insurance'' provision, which provides, ''that with respect to loss arising out of the operation, maintenance or use of any nonowned automobile the applicable insurance afforded by this policy shall be excess over and above such other available insurance.'' If this latter clause were applied, General Insurance's prorated share would be its limit, $250,000.

In construing insurance policies, as in construing contracts, the entire policy is to be construed together for the purpose of giving force and effect to each clause. (*Totten* v. *Underwriters at Lloyd's London,* 176 Cal.App.2d 440 [1 Cal. Rptr. 520].) Moreover, a specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, even though the latter, standing alone, would be broad enough to include the subject to which the more specific provision relates. (Civ. Code, § 3534; *Comunale* v. *Traders & General Ins. Co.,* 116 Cal.App.2d 198 [253 P.2d 495, 68 A.L.R.2d 883].)

It follows that the latter excess clause relating to the use of a nonowned automobile is the applicable clause in the instant case.

We conclude that the parties must prorate the loss and the expense incurred in the amounts of each party's policy limits, i.e., Truck Insurance—$25,000, and General Insurance—$250,000.

The judgment is reversed with directions to amend the findings of fact and conclusions of law and enter a judgment declaring the rights and obligations of the insurers in accordance with the views expressed in this opinion.

Pierce, P. J., and Good, J. pro tem.,* concurred.

*Assigned by the Chairman of the Judicial Council.