477 P.2d 279

**ROCKY MOUNTAIN FIRE & CASUALTY COMPANY, a Washington corporation, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Paul E. Quinlan and Dortha Quinlan, his wife, and Michael D. Foster, Administrator for the Estate of James J. McGowan, Deceased, Appellees.**

**No. I CA–CIV 1178.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 2, 1970.

Review Granted Jan. 19, 1971.

Burch, Cracchiolo, Levie & Guyer by Daniel Cracchiolo, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green by Craig R. Kepner, Phoenix, for appellee Allstate.

Hunter, Bartlett, Penn, & Lerch by William C. Penn, Phoenix, for appellee Quinlan.

Samuel R. Hutchison, Phoenix, for appellees Quinlan and Foster.

JACOBSON, Judge.

Our original opinion in this matter was entered on September 10, 1970 (13 Ariz. App. 31, 474 P.2d 38). In that opinion we held that the proper method of determining the liability of two insurance companies where each had an "other insurance" clause in their policies (one being an escape clause and the other an excess clause) was on a pro rata basis based upon the maximum loss each insurer would suffer in the absence of any other insurance.

Motions for rehearing have been filed in this matter which raised two basic issues:

(1) The legal reasoning upon which we based our pro rata determination, and

(2) the amount of insurance available under each policy upon which the proration should be made.

As to the first issue, the matters raised in the motion for rehearing were adequately considered by this court in reaching its determination in our original opinion and the restatement of these arguments has not convinced us that our holding in this regard was in error.

As to the second issue, our previous opinion specifically remanded this matter to the trial court for determination of the maximum loss each insurer would have sustained in this case in the absence of the other insurance coverage and to enter judgment prorating the liability of each insurer based upon that determination.

On reconsidering the second issue, we are of the opinion that the amount of loss each insurer would have sustained can be determined as a matter of law and that this court should now make that determination in order to avoid further delay upon remand.

In order to make this determination the following facts which do not appear in our original opinion must be stated. At the time of the accident in question, the Rocky Mountain Fire and Casualty Company's policy (the "escape clause" insurance) insured the garage owner in the face amount of $100,000.00. It further provided that an omnibus insured would be insured under the policy, in the absence of other insurance, "but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit." At the time of the accident, the applicable Arizona Financial Responsibility Act provided $10,000.00 minimum limits per single accident. ARS § 28–1170, as amended. It is agreed that the Allstate policy (the "excess clause" insurance) provided $10,000.00 coverage to the insured in the absence of any other insurance.

We must then make a determination as to whether Rocky Mountain's maximum loss for purposes of proration is to be based on $100,000.00, the face amount of the policy, or $10,000.00, the limitation provided by the policy for omnibus insureds. Or, to put it another way, does the Arizona Financial Responsibility Act prohibit less coverage for omnibus insureds than the named insured where such a limitation is in the policy of insurance, but is in an amount sufficient to satisfy the Financial Responsibility Act?

The applicable section of the statute in question provides:

"§ 28–1170. 'Motor vehicle liability policy' defined.

\* \* \* \* \* \*

"B. The owner's policy of liability insurance must comply with the following requirements:

\* \* \* \* \* \*

"2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or

use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows:

"(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident.

"(b) Subject to the limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident.

"(c) Five thousand dollars because of injury to or destruction of property of others in any one accident.

\*      \*      \*      \*      \*      \*

"G. A policy which grants the coverage required for a motor vehicle liability policy may also grant lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and the excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants the excess or additional coverage the term 'motor vehicle liability policy' shall apply only to that part of the coverage which is required by this section."

Allstate contends that the Arizona Supreme Court in Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967) held that an owners' policy must provide to the full limits of the policy the same liability coverage to an omnibus insured as to the named insured himself. We believe this to be a correct interpretation of *Sandoval, in the absence of a limiting provision as to the coverage of an omnibus insured contained in the policy itself.* Sandoval, as far as appears from the opinion, was dealing with a policy that did not differentiate as to coverage between the named insured and the omnibus insured. The argument was made in that case that subsection G of ARS § 28-1170 (1956), quoted above, operated to limit the amount of coverage collectible by an omnibus in-

sured to the statutory limitation contained in the Financial Responsibility Act. The Supreme Court rejected this argument, citing with approval from the California case of Globe Indemnity Co. v. Universal Underwriters Insurance Co., 201 Cal.App. 2d 9, 20 Cal.Rptr. 73 (1962). A portion of that California decision stated as follows:

"\*   \*   \* [W]e turn to the second basic argument that the trial court erred in affording Moore [omnibus insured] coverage to the full limits of the policy. We believe that Moore assumes the status of an insured under the policy and hence receives its whole protection. Moore thus becomes an additional insured under the policy \* \* \* and *since the policy itself contains no differentiations as to those insured or the amounts of the protection,* we find no basis for curtailment of Moore's coverage." 201 Cal.App.2d at 20, 20 Cal.Rptr. at 78. (emphasis added).

The court in *Globe Indemnity* in turn quoted with approval its own decision in Continental Cas. Co. v. Phoenix Const. Co., 46 Cal.2d 423, 296 P.2d 801, 57 A.L.R.2d 914 (1956) which held that the policy in question there did not limit coverage to the amount of the Financial Responsibility Act, but "rather, it must be interpreted as providing full or maximum coverage in both aspects insofar as encompassed by the law and *not exceeding the clear limitations of the contract.*" (emphasis added).

The clear holding in *Sandoval* was that ARS § 28-1170, Subsection G, did not, in and of itself, place a limitation on the amount of coverage available to an omnibus insured. *Sandoval,* in our opinion, does not hold that if a proper limitation as to coverage afforded an omnibus insured is provided in the policy, such limitation would be void as against public policy. In fact, the two California cases relied upon in *Sandoval* would indicate the contrary conclusion. The subsequent California case of General Ins. Co. of Amer. v. Truck Ins. Exchange, 242 Cal.App.2d 419, 51 Cal.

Rptr. 462 (1966), so interprets these two previous California cases, stating:

> "There is substantial authority holding that where a permissive user * * * assumes the status of an insured by operation of law he is protected to the full limits of the policy *absent express liability differentiations as to those insured.*" (citing *Globe Ins.*) (emphasis added)

In the recent decision of Transportation Ins. Co. v. Wade, 106 Ariz. 269, 475 P.2d 253 (filed October 8, 1970), the Arizona Supreme Court verified the above interpretation of *Sandoval.* Moreover, in *Transportation Insurance*, the Supreme Court, although dealing with an uninsured motorist clause, made it clear that the public policy considerations of this state were satisfied if the insurance coverage provided the applicable amounts necessary to satisfy the Financial Responsibility Act:

> "Here, had the offending motorists carried insurance in accordance with the Financial Responsibility Act, Wade would have recovered the same amount—$10,000.00—as he did here. The public policy as expressed in the statute has been satisfied and any 'excess-escape clause' applied to surplus amounts of coverage fall in the area of contract law between the insuring parties and not in the realm of public interest."

Applying the above reasoning, we hold that the provision of the Rocky Mountain Insurance policies, limiting coverage to the omnibus insured to the applicable amounts payable under the Financial Responsibility Act, is not void as against public policy. We therefore hold that the amount of Rocky Mountain's proration in the instant case is to be based upon $10,000.00. The face amount of the policy which exceeds this sum is a matter of contract between the parties to the policy and the·omnibus insured may not take advantage of this excess.

Upon filing of this Supplemental Opinion, all motions for rehearing are denied.

EUBANK, P. J. and HAIRE, J., concur.