[Civ. No. 25902.   Second Dist., Div. One.   July 24, 1962.]

STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Plaintiff and Respondent, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant and Appellant.

18

Olson & Nickoloff and Joe D. Olson for Defendant and Appellant.

Gilbert, Thompson & Kelly and Jean Wunderlich for Plaintiff and Respondent.

WOOD, P. J.—Appeal by defendant Hartford Accident and Indemnity Company from a judgment in a declaratory relief action determining the liability of each party, under liability insurance policies, for damages for personal injuries sustained by Edward Norris, who was the plaintiff in another action. Prior to the commencement of this present action, the plaintiff Standard Accident Insurance Company herein had paid $9,000 to Mr. Norris, the plaintiff in the other action. That action was against Standard's insured and Hartford's insured for damages for the injuries sustained by Mr. Norris. Standard made that payment or settlement pursuant to an agreement between the two insurance companies (parties herein) that the settlement would not be considered to be voluntary, and that the liability of each party herein would be determined in a declaratory relief action. The judgment in the present action provided that Standard should recover $6,000 from Hartford; that the accident and injuries were covered by the policy issued by Standard and by the policy issued by Hartford; and that Standard and Hartford are obligated to bear pro rata, in accordance with the single limits of each policy, the amount of the $9,000 settlement, that is, Standard is obligated to bear $3,000 and Hartford to bear $6,000.

Appellant (Hartford) contends that Standard is solely liable, under the policy issued by Standard, for the damages sustained in the accident, and that there is no liability under the policy issued by Hartford for the damages.

On February 24, 1955, Edward Norris was an employee of Harry M. Welliver, who owned a furniture store. Welliver also owned a Chevrolet sedan automobile and a low-bed trailer which was attached to the automobile. On said day, Norris in the course of his employment drove the automobile, which was towing the trailer, to the warehouse of Graybar Electric Company for the purpose of obtaining a stove and hauling it away on the trailer. He parked the automobile and trailer outside the loading dock at the warehouse, and selected a stove. Rolland Igou, an employee of Graybar, loaded the stove onto a heister fork lift which was owned by Graybar, and then he propelled the lift to the side of the trailer. When the stove was above the bed of the trailer, Igou stopped the operation of the lift and requested Norris to read the serial number on the stove. Norris climbed onto the bed of the trailer and crouched to read the number. While Norris was in the crouched position on the trailer, Igou lost control of the lift, and it and the stove moved forward, struck Norris, and injured him.

At the time of the accident, Welliver was insured under a policy issued by Standard against liability for bodily injuries caused by accident and arising out of the ownership, maintenance, or use of the Chevrolet automobile. The amount of the liability of Standard was limited to $100,000 for injuries to any one person in any one accident. The policy provided, among other things, that: The word "insured" includes the named insured Welliver and also any person while using the automobile, and any person or organization legally responsible for the use thereof, provided the use of the automobile is by the named insured or with his permission (Paragraph III); the use of the automobile includes the loading and unloading thereof (Paragraph VII, subdivision (c)); the word "automobile" includes a trailer, if designed for use with a private automobile (Paragraph IV, subdivision (a) (2)); if the insured has other insurance against a loss covered by the policy Standard shall not be liable under the policy for a greater portion of such loss than the applicable limit of liability stated in the policy declaration bears to the total applicable limit of all valid and collectible insurance against such loss (Paragraph 12).

At the time of the accident, Graybar was insured under a policy issued by Hartford against liability for bodily injury sustained by any person and caused by accident. The amount

of the liability of Hartford was limited to $200,000 for injuries to any one person in any one accident. The policy provided, among other things, that: The word "insured" includes the named insured (Graybar) and also any partner, executive officer, director or stockholder thereof while acting within the scope of his duties as such (Paragraph III); the policy did not apply, "except with respect to operations performed by independent contractors, to watercraft while away from premises owned, rented or controlled by the Named Insured [Graybar], automobiles while away from such premises or the ways immediately adjoining, or aircraft, or the loading or unloading thereof" ("Exclusions," subdivision (b)); if the insured has other insurance against a loss covered by the policy Hartford shall not be liable under the policy for a greater portion of such loss than the applicable limit of liability stated in the policy declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss (Paragraph 12); in the event of any payment under the policy, Hartford shall be subrogated to all the insured's rights of recovery therefor against any person or organization (Paragraph 13).

On April 26, 1955, Norris commenced an action against Graybar, Igou, and Welliver for damages for personal injuries sustained in the accident. Subsequently Standard paid $9,000 to Norris in settlement of his claim, and the action was dismissed. The settlement was made pursuant to an agreement between Standard and Hartford that the settlement and payment would not be considered to be voluntary, and that the respective liabilities of Standard and Hartford would be determined in a declaratory relief action. On May 1, 1957, Standard commenced the present action.

The court made findings substantially in accordance with the facts above stated, and also found that the operation of placing the stove on the trailer was interrupted by Graybar and Igou, and while said loading operations were temporarily interrupted, the lift went forward causing the stove to fall upon and strike and injure Norris; said injuries were "solely caused" by the negligence of Igou and Graybar. The court stated, under the heading "Conclusions of Law," that: "the activities herein found to have occurred on the premises of Graybar on said 24th day of February, 1955, were loading operations"; the policies of insurance (policy issued by Standard and policy issued by Hartford) constitute concurrent

insurance and apply in proportion to the amount of the single limits contained in the policies; neither policy is excess insurance; Hartford is obligated to bear two-thirds of $9,000, to wit, $6,000. The judgment, as above stated, provided that Standard recover $6,000 from Hartford; the accident and injuries were covered by both policies; and that Standard is obligated to bear $3,000 of the settlement, and Hartford is obligated to bear $6,000 thereof.

Appellant (Hartford) contends that Standard is solely liabile, under the policy issued by Standard, for the damages. Appellant argues that the policy issued by Standard extended coverage to Igou and Graybar under the provisions thereof that the word ''insured'' includes any person while using the automobile, and any person or organization legally responsible for the use of the automobile, and the use of the automobile includes the loading and unloading thereof; Igou was not covered by the policy issued by it (Hartford), and therefore ''under Hartford's policy to Graybar there was no other valid and collectible insurance covering Igou which could be prorated with Standard, although Hartford's policy has a pro rate clause''; in any action by Norris, liability ultimately must rest on Igou, and ''even if'' Graybar were held liable under the theory of *respondeat superior*, it would have a right of action against ''the negligent employee, Igou'' (for indemnification) ; under such circumstances, Hartford's ''policy does not come into play at all in this case,'' and, since Hartford's policy is not applicable, Standard is solely liable.

The evidence shows that Igou, who caused the accident, was an employee of Graybar and was acting in the course of his employment when the accident occurred. The court found in effect that Igou was loading the trailer at the time of the accident. The Standard policy provided that the ''insured'' thereunder included any person while ''using'' the automobile or trailer with the permission of the named insured, Welliver; and that such use included the loading of those vehicles. It thus appears that Igou was using the trailer at the time of the accident and as such user was an insured under the provisions of the Standard policy.

In *Pleasant Valley etc. Assn.* v. *Cal-Farms Ins. Co.,* 142 Cal.App.2d 126 [298 P.2d 109], it was said at page 131: ''The 'omnibus clause' in Brucker's policy with defendant extended protection to 'any person while using the automobile and any person or organization legally responsible for the use thereof,'

provided that such use was by Brucker himself or with Brucker's permission. The policy defined 'use' of Brucker's truck to include loading and unloading. It is a reasonable inference that Croker had Brucker's consent to carry out the operations incidental to unloading the lima beans from the truck, and it is obvious that the unloading operation constituted a use of the truck within the policy provision. Pleasant Valley, Croker's employer, is liable under the doctrine of *respondeat superior* for Croker's negligent acts committed within the scope of his employment, hence plaintiff is clearly, with respect to the truck, an organization 'responsible for the use thereof.' "

Since Igou was an employee of Graybar and was acting within the course of his employment, Graybar was also using the trailer and was an insured under the Standard policy.

The Standard policy provided that if the insured has other insurance against a loss covered by the policy, Standard shall not be liable under the policy for a greater proportion of such loss than the applicable limit of liability stated in the policy declaration bears to the total applicable limit of all valid and collectible insurance against such loss.

The Hartford policy insured Graybar against liability for bodily injury sustained by any person and caused by accident, except under certain conditions (which exceptions or conditions are not applicable here).

Graybar was insured by Hartford against the liability resulting from the injury to Norris. It thus appears that Graybar's insurance with Hartford was "other insurance" which covered Graybar's liability to Norris, that is, insurance other than the extended insurance under Standard's policy which covered Graybar's liability to Norris.

As above stated, the trial court determined that the two policies of insurance constitute concurrent insurance and apply in proportion to the amount of single limits of the policies. The single limit of the Standard policy is $100,000. The single limit of the Hartford policy is $200,000. The court apportioned one-third of the total liability to Standard and two-thirds to Hartford.

■ In *Truck Ins. Exchange* v. *Torres*, 193 Cal.App.2d 483, 489-490 [14 Cal.Rptr. 408], it was said: " 'The reciprocal rights and duties of several insurers who have covered the same event do not arise out of contract, for their agreements are not with each other. [Citations.] Their respective obli-

gations flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific burden. . . .' ''

The trial judge determined correctly that the two policies constitute concurrent insurance and apply in the proportions above stated.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 26, 1962.