[Civ. No. 20013. First Dist., Div. Three. Oct. 14, 1963.]

THE TRAVELERS INSURANCE COMPANY, Plaintiff and Appellant, v. NORWICH UNION FIRE INSURANCE SOCIETY, Defendant and Respondent.

Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for Plaintiff and Appellant.

Berry, Davis, Channell & McNamara, Daniel J. McNamara and Richard G. Logan for Defendant and Respondent.

DRAPER, P. J.—This case turns on construction of a policy of automobile liability insurance issued by defendant Norwich. The question is whether the policy requires Norwich to defend an action brought by its named insured against one asserted to be an additional insured by reason of his permitted use of the insured automobile.

Defendant's policy was issued to Marcelin Chlemens. By it, Norwich agreed to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury ... sustained by any person ... arising out of the ownership, maintenance or use of the owned automobile," and also to "defend any suit alleging such bodily injury." The "insured" to whom this obligation runs is defined to include the named insured (Chlemens) and "any other person using such automobile,

provided the actual use thereof is with the permission of the named insured." It is specifically provided that " 'use' of an automobile includes the loading and unloading thereof."

Chlemens filed a personal injury action against East Bay Brass Foundry Co. and one of its employees. He alleged that: He bought a quantity of bronze paperweights from that firm; its employee, despite contrary instructions, loaded them into Chlemens' car in cartons which were too large to be lifted by one man; when Chlemens attempted to lift the cartons from his car, he suffered sprain of his back and shoulders, for which he prayed damages.

Norwich refused to defend the action. Plaintiff Travelers had issued to Foundry a comprehensive liability policy which was in effect at date of Chlemens' alleged injury. As to any automobile not owned by Foundry, however, this policy extended only excess coverage. Travelers employed counsel to defend Foundry and brought this action seeking a declaration of the rights and duties of the two insurers.

The trial court found that Chlemens' complaint was based upon loading of his vehicle by Foundry, but concluded that Norwich had no duty to indemnify or defend. Travelers appeals from the judgment.

The question has not been determined in California. One case (*Bachman* v. *Independence Indem. Co.*, 214 Cal. 529 [6 P.2d 943]) holds that similar policy language indemnifies the additional insured against wrongful death claim by heirs of the named insured. But it expressly leaves open the question whether a like result would follow if the named insured were himself seeking damages for injuries.

Norwich argues that its policy, viewed as a whole, should not be construed to require it to pay or to defend against claims of the named insured arising from his own injuries. It points to conflicts which could arise under the cooperation clause if the coverage be so broad, and argues that the purpose of the policy is to indemnify against liability, rather than to insure against injury.

But the policy on its face undertakes to indemnify either the named or the additional insured against liability for bodily injury "sustained by any person." To construe this as meaning "any person except the named insured" would be to rewrite the policy. Other jurisdictions have uniformly held comparable policy language to cover claims of the named insured against the additional insured (*Hardtner* v.

*Aetna Cas. & Surety Co.* (La.App.) 189 So. 365; *Howe* v. *Howe*, 87 N.H. 338 [179 A. 362]; *Aetna Cas. & Surety Co.* v. *General Cas. Co.*, 285 App.Div. 767 [140 N.Y.S.2d 670]; *United States Fidelity & Guaranty Co.* v. *Nationwide Mut. Ins. Co.*, 110 Ohio App. 363 [163 N.E.2d 46]; *Archer* v. *General Cas. Co.*, 219 Wis. 100 [261 N.W. 9, 262 N.W. 257]).

The decisions relied upon by Norwich (*MacBey* v. *Hartford Acc. & Indem. Co.*, 292 Mass. 105 [197 N.E. 516, 106 A.L.R. 1248]; *Cain* v. *American Policyholders' Ins. Co.*, 120 Conn. 645 [183 A. 403]) are not in point. They construed policies couched in the language of a Massachusetts statute providing for indemnity of named insured and additional insured against "liability to pay damages to others." This language was understandably held to limit coverage to claims by others than the named or additional insured. No comparable exclusion is stated in the policy before us, although its availability has long since been noted (7 Appleman, Ins. Law & Practice, 377). We conclude that this policy, fairly construed, requires Norwich to indemnify its additional insured against the claim of the named insured.

Norwich agreed to defend "any suit alleging" injuries insured against. Chlemens' complaint does allege that his injury was proximately caused by Foundry's negligent loading of his vehicle. We need not speculate whether the proof will sustain the allegations. The issue of ultimate liability for any judgment was specifically withdrawn by counsel at oral argument, perhaps because they concede that the five-year period for trial of Chlemens' action (Code Civ. Proc., § 583) has but a few days to run, and there is no stipulation extending the period.

The Travelers policy provides that its coverage shall be excess with respect to a nonowned car. Thus the primary liability to indemnify is that of Norwich (*American Automobile Ins. Co.* v. *Republic Indem. Co.*, 52 Cal.2d 507, 512 [341 P.2d 675]). If judgment in fact exceeds the Norwich limits, that company would be entitled to contribution from Travelers of defense costs in the same ratio that the two share in paying such judgment (*Continental Cas. Co.* v. *Zurich Ins. Co.*, 57 Cal.2d 27, 36 [17 Cal.Rptr. 12, 366 P.2d 455]). We could not determine, in this litigation, that the primary coverage will be inadequate. In view of the likelihood that no judgment will ensue in the Chlemens action, practical considerations suggest that this hypothetical right

of Norwich to contribution be reserved. If, however, the only loss is to be the cost of defense, we are satisfied that it should fall upon the primary coverage.

Judgment reversed, with direction to enter judgment declaring that Norwich is obligated to afford, and to pay the costs of, defense of the Chlemens action.

Salsman, J., and Devine, J., concurred.