[Civ. No. 22164.   First Dist., Div. Two.   Sept. 22, 1965.]

FRANK MILLER et al., Plaintiffs and Appellants, v. WESTERN PIONEER INSURANCE CO., Defendant and Respondent.

Partridge, O'Connell, Partridge & Fall and Wallace O'Connell for Plaintiffs and Appellants.

Berry, Davis, Lewis & McInerney and Phillip S. Berry for Defendant and Respondent.

AGEE, J.—This declaratory relief action seeks a determination of the obligations and liabilities of plaintiff Pacific Indemnity Company and defendant Western Pioneer Insurance Co., under their respective liability insurance policies, as the same apply to a personal injury action filed by one Pritchard. Pacific's policy was issued to one Miller, a roofing contractor. Western's policy was issued to one Wagener, a trucking operator.

The matter was tried upon stipulated facts. The two policies and the complaint in the *Pritchard* action are in evidence. The construction of the policies is a matter of law, no parol evidence having been offered in aid thereof. (*Continental Cas. Co. v. Phoenix Constr. Co.,* 46 Cal.2d 423, 430 [296 P.2d 801, 57 A.L.R.2d 914].)

Pritchard, as Wagener's employee, drove Wagener's truck and trailer loaded with packages of fiberglas insulation to the site of a warehouse under construction. Miller had subcontracted to install the fiberglas. He had as a part of his equipment a portable conveyor of the endless belt type, which was activated by a one-cylinder gasoline motor. His employees placed the base of the conveyor on top of the load of fiberglas on the trailer.

While Pritchard was on top of the load assisting Miller's employees in lifting the fiberglas packages onto the conveyor

belt, the conveyor motor ran out of gasoline and stopped. One Syphert, a Miller employee, refueled the motor. In doing so he spilled some gasoline on the paper wrappings of the fiberglas packages immediately beneath the conveyor motor.

The motor backfired when restarted by Syphert and ignited the load. Miller's foreman called out to Pritchard to move the truck and trailer away from the warehouse building so that the fire would not spread to it. Pritchard jumped from the top of the trailer load to the ground in order to get to the cab of the truck. He injured himself in making the jump.

On August 28, 1961, Pritchard filed a personal injury complaint against Miller, an employee of Miller named Conley, and a number of fictitious defendants, alleging that defendants "so carelessly and negligently owned, operated, managed and controlled a gasoline power motor on top of a load of fiberglass on a flatbed trailer that the same was caused to and it did catch on fire and ignited the load and as a direct and proximate result thereof the plaintiff who was on top of said load at said time and place was caused to and he did drop off of said trailer to the ground sustaining injuries hereinafter alleged."

Western Pioneer rejected the demand of Miller and Conley that it defend them in the *Pritchard* action. Pacific Indemnity then provided for such defense under a reservation of rights. Miller, Conley and Pacific Indemnity filed this action against Western Pioneer on July 2, 1962, seeking a declaration of the rights and liabilities of the parties.

The judgment herein was rendered on February 10, 1964. It directs the two insurance companies to pay the cost of defending the *Pritchard* action and any judgment obtained by Pritchard against Miller in proportion to their respective policy limits.[1]

Plaintiffs have appealed from the judgment, contending that Western Pioneer was the primary insurer and, as such, is liable to the limits of its policy for the amount of the Pritchard judgment plus the cost of defending Miller and Conley in that action.

The named insured under the Western Pioneer policy was "Fred W. Wagener III DBA—All Ways Better Transportation Co." and the truck and trailer referred to above were

---

[1]On March 11, 1964, Pritchard obtained judgment against Miller alone, having dismissed his action as to Conley. The two insurance companies thereupon paid $5,362.55 to satisfy this judgment plus $1,995.17 for the cost of defending said action, in the proportions directed by the judgment herein. Such payment was made under an express agreement that it was without prejudice to the outcome of this appeal.

specifically described in the attached "Automobile Fleet Schedule." The word "automobile" was defined as including a "vehicle or trailer described in this policy."

The only liability covered by said policy was that arising from the use of an automobile and was limited to $100,000 for each person injured. "Use of the automobile" was defined as including "the loading and unloading thereof."

■ Under "Coverage C," Western Pioneer obligated itself "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." The policy adds the concomitant obligation to "defend any suit against the insured."

Miller and Syphert are additional insureds under the Western Pioneer policy by reason of the following provision "With respect to the insurance under coverages C and D the unqualified word 'insured' includes the above named insured [Wagener] and, . . . also includes any person while using the automobile [Syphert] and any person or organization legally responsible for the use thereof [Miller, as the employer of Syphert], provided the actual use of the automobile is . . . with the permission of [the named insured, Wagener]. . . ."

Western Pioneer admits that both Miller and Syphert were additional insureds under its policy. It expressly concedes that such policy "extended coverage to persons using the truck and trailer being unloaded at the time of the accident" and that it therefore "covered Miller and his employee [Syphert] whose negligence gave rise to the accident in question."

Western Pioneer contends that *both* it and Pacific Indemnity are *primary* insurers in the instant situation and that the loss in question should be prorated in accordance with the respective limits of the two policies. This contention is not supported by the authorities.

■ First, it should be noted that Syphert was neither a named nor an additional insured under the terms of the Pacific Indemnity policy. The pertinent policy provision reads as follows: "The unqualified word 'insured' includes the named insured and also includes . . . any executive officer of the named insured [Miller and his company, "Western Roofing Service and Roofing Constructors, Inc."] with respect to the use of a non-owned automobile in the business of the named insured." While the truck and trailer constituted a

"non-owned automobile" being used "in the business of the named insured [Miller]," neither Syphert nor Conley was an "executive officer."

Pacific Indemnity acknowledges that its comprehensive liability policy covered Miller's general business risks, including automobile liability, and that it is obligated to Miller as its named insured to indemnify him against the Pritchard claim.

However, Pacific Indemnity contends that, *as between itself and Western Pioneer,* under the terms of their respective policies, Western Pioneer was the primary insurer and Pacific Indemnity was liable only for the *excess* over the limits of the Western Pioneer policy. Since the amount of Pritchard's prayer was less than the amount of such limits, Pacific Indemnity urges that the obligation to pay the cost of defending the *Pritchard* action and any judgment obtained by Pritchard therein rested entirely upon Western Pioneer.

■ Where, as here, two insurance policies apply to the same risk, the relative application thereof is to be determined by the explicit provisions of their respective "other insurance" clauses. (*American Automobile Ins. Co.* v. *Republic Indemnity Co.,* 52 Cal.2d 507 [341 P.2d 675].)

■ The *prorate* provision in each of these clauses is worded identically, to wit: "If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; . . ."

The remaining portion of the "other insurance" clause in the Western Pioneer policy contains an excess provision. However, it is nonoperative in this case because its applicability is confined to the use of "temporary substitute automobiles" and "use of other automobiles," in neither of which categories is the truck and trailer involved herein.

On the other hand, the remaining portion of the Pacific Indemnity's "other insurance" clause does contain an applicable excess provision, to wit: ". . . provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any *non-owned automobile* shall be *excess* insurance over any other valid and collectible insurance." (Italics ours.)

It is undisputed that Western Pioneer provided "other valid and collectible insurance" and that the "automobile"

(truck and trailer) that was being used (i.e., being unloaded) at the time of the accident was not owned by Miller.

In *American Automobile Ins. Co.* v. *Republic Indemnity Co.,* 52 Cal.2d 507 [341 P.2d 675], the Supreme Court was dealing with a situation where an insurance policy issued to the *owner* of a vehicle (Republic) and an insurance policy issued to the *driver* of the same vehicle (American) both applied to the accident.

The wording of the ''other insurance'' clause contained in both policies was substantially the same. The first portion of the clause provided for prorating where there was other insurance covering the loss and the second portion provided, as an exception, that when the named insured was driving a car *not owned by him* the insurance would be *excess* over all other insurance.

It was held that the owner's insurance (Republic) was primary and that the driver's insurance (American) was excess. The court stated: ''The only construction of the 'other insurance' clause under which both its parts will be meaningful is that the *excess* provision alone controls in every situation which falls within its terms, such as when a person is driving the car of another and both the driver and the owner have insurance, . . . When the driver's insurance is excess [because he is driving a car not owned by him], it necessarily follows that the insurance of the owner is primary, and therefore the owner's insurer must bear the entire loss to the extent of the limits of the policy.'' (P. 513.)

In *Continental Cas. Co.* v. *Zurich Ins. Co.,* 57 Cal.2d 27 [17 Cal.Rptr. 12, 366 P.2d 455], the doctrine of *American Automobile, supra,* was extended to a situation where the loading of logs on a truck was involved. Waldkirch owned the truck, Simpson owned the logs, Hiatt was hired by Simpson to haul the logs, and Hiatt hired the truck and its driver from Waldkirch. While Hiatt's employees were loading the truck, a log fell on Waldkirch's truck driver (Gudger) and he sued Hiatt under the doctrine of respondeat superior.

Zurich insured the Waldkirch truck, General insured Simpson, and Continental insured Hiatt. The policies of General and Continental each contained ''other insurance'' clauses substantially identical with that of Pacific Indemnity in the instant case, making the coverage *excess* as to any accident arising out of the use of a *nonowned vehicle.*

On the other hand, Zurich's policy simply provided, as did Western Pioneer's policy herein, for proration with other

valid and collectible insurance. The Supreme Court held that Zurich's policy was primary to the exhaustion of its limits.

The trial court in the instant case indicated in announcing its decision that it felt that, because the activity of unloading the Wagener truck was an activity which was in the interest of the business operations of Miller, Miller's insurance policy should be held to prorate with Wagener's policy.

In *Continental, supra,* the Supreme Court dealt with this proposition as follows: "Zurich's [Western Pioneer's] suggestion that because Continental [Pacific Indemnity] also covered Hiatt's [Miller's] general logging [roofing] operations including operation of his loading equipment, as well as his automobile use, the excess clause of the Continental [Pacific Indemnity] policy should not come into play is without merit, in view of the explicit language of the excess clause (with respect to the 'use of any non-owned or hired automobile') and the specific policy definition of 'use of an automobile' to include the loading and unloading thereof.'' (P. 35.)

The most recent decision applying the rule of *American Automobile, supra,* 52 Cal.2d 507, and *Continental Casualty, supra,* 57 Cal.2d 27, is *Pacific Indem. Co.* v. *Universal etc. Ins. Co.* (1965) 232 Cal.App.2d 541 [43 Cal.Rptr. 26].

There one Hamlin owned an automobile which he loaned to one Oakry. Hamlin was insured by Universal under a comprehensive liability policy which provided that it not only covered the named insured, Hamlin, but also any person driving an insured automobile with the permission of Hamlin, and any person legally liable for such use.

Oakry struck a pedestrian while driving the automobile as an employee of one Belzer. Oakry was insured under an accident liability policy issued by Glens Falls. Belzer was insured by Pacific Indemnity.

The Glens Falls policy and the Pacific Indemnity policy each contained a clause which made the coverage excess when the vehicle driven was not owned by the insured.

The trial court held that Oakry and Belzer were each additional insureds under the Universal (owner's) policy and that Universal's policy was primary and liable for the entire amount of the judgment obtained by the pedestrian against Oakry, Belzer and Hamlin, together with costs of investigation and defense provided by Glens Falls and Pacific Indemnity.

This holding was affirmed on appeal by the District Court of Appeal, the court stating: "Manifestly, appellant [Universal] was the primary insurer under its comprehensive lia-

bility policy issued to Hamlin, since respondents' policies were expressly stated to be excess where the accident involved a car *not owned by their insured.*" (Italics added.)

*Firemen's Ins. Co.* v. *Continental Cas. Co.,* 170 Cal.App.2d 698 [339 P.2d 602], decided May 27, 1959, is the first appellate decision in this state to pass upon the exact situation before us, namely, two policies which each contain a "prorate". clause and an "excess" clause, the latter providing that as to liability occasioned by a *nonowned* automobile the insurance would be *excess* coverage. This decision and *Travelers Ins. Co.* v. *Norwich Union Fire Ins. Soc.,* 221 Cal.App.2d 150 [34 Cal.Rptr. 406], are both in accord with the rule applied in *American Automobile, supra,* 52 Cal.2d 507, *Continental Casualty, supra,* 57 Cal.2d 27, and *Pacific Indem. Co., supra,* 232 Cal.App.2d 541.

We have concluded from the foregoing decisions that, as between Western Pioneer and Pacific Indemnity, Western Pioneer is the primary insurer and Pacific Indemnity is the excess insurer.

This conclusion makes it unnecessary to discuss the rule cited by Pacific Indemnity which holds that the policy (Western Pioneer) which covers the liability of a negligent employee (Syphert) as an additional insured is primary over a policy (Pacific Indemnity) which covers only the vicarious liability of the employer (Miller) under the doctrine of respondeat superior. (See *Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914].)

Western Pioneer cites and relies upon *Standard Acc. Ins. Co.* v. *Hartford Acc. & Indem. Co.,* 206 Cal.App.2d 17 [23 Cal.Rptr. 424]. There one Norris was injured during the loading of a trailer. Both the Standard policy and the Hartford policy covered the risk, the former being issued to the owner of the trailer and the automobile to which it was attached, and the latter (Hartford) being issued to the employer of the person whose negligence caused the accident. Each policy contained a *prorate* provision worded substantially the same as the prorate provisions in the two policies involved herein. However, the Hartford policy did not contain an *excess* provision in its "other insurance" clause.

We have no doubt that, if the Hartford policy had contained an excess provision, such as is contained in the Pacific Indemnity policy involved herein, the court would have been required to follow the line of precedents cited and discussed above and would have held that Hartford was the excess and not the concurrent or primary insurer.

Instead, the court had only the prorate provision in the Hartford policy to consider and it concluded that the liability should be prorated between Hartford and Standard in proportion to the single limits of the respective policies.

Finally, Western Pioneer cites *Colby* v. *Liberty Mutual Ins. Co.*, 220 Cal.App.2d 38 [33 Cal.Rptr. 538]. There an accident was caused by the negligence of the operator of a "mobile crane" while unloading a truck. Liberty Mutual insured the truck and Transport Indemnity insured the owner of the mobile crane. The Liberty Mutual policy provided that it was excess insurance with respect to the use of any nonowned automobile.

The appellate court held that the mobile crane was a vehicle within the meaning of the Vehicle Code and, hence, Transport Indemnity was obligated to insure the operator of the crane as a person using a vehicle with the consent of the owner under the doctrine of *Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31 [307 P.2d 359].

Liberty Mutual contended that, as to its named insured, the crane was a nonowned vehicle and therefore its policy should be held to be excess. This contention was rejected, the court pointing out that, as to the truck itself, Liberty Mutual's insurance was not entitled to the preferred position of an insurer as to a nonowned vehicle, because the truck which it insured was being used in the unloading just as the nonowned crane was being used.

In other words, *Colby* presents a situation where the use of *two* vehicles concurs to cause an injury and it was therefore proper to prorate the liability between the two insurers. In the instant case the portable device being used to unload the truck insured by Western Pioneer was not a vehicle and the "other insurance" clauses of the two policies are not mutually inconsistent. Accordingly, the doctrine of *American Automobile Ins. Co.* v. *Republic Indemnity Co., supra,* applies.

The judgment is reversed with directions to the trial court to amend its conclusions of law and enter judgment declaring the relative and respective rights and obligations of the parties to this action in accordance with the views expressed in this opinion.

Shoemaker, P. J., and Taylor, J., concurred.