[Civ. No. 23762. First Dist., Div. Four. Feb. 5, 1969.]

PACIFIC INDEMNITY COMPANY et al., Plaintiffs and Appellants, v. TRUCK INSURANCE EXCHANGE et al., Defendants and Respondents.

Maloney, Chase, Fisher & Hurst, John R. Maloney and Charles Negley for Plaintiffs and Appellants.

Clark, Heafey & Martin and Chris G. Gasparich for Defendants and Respondents.

DEVINE, P. J.—This appeal is one of the many contests, now familiar to the courts, between insurance companies concerning liability arising from an accident in the loading of a vehicle.

## Facts

The parties signed an agreed statement of facts. The owner of a logging truck and trailer, Elmer R. Beard, drove his truck and trailer to the premises of the R. C. Miller Logging Company, a co-partnership. Earl and Esther Brittain were the co-partners. With the permission of Beard, logs were loaded on the truck and trailer by employees of the logging company named Luton, Winkler and Roden. While Beard was tightening the binder chain for the purpose of securing the logs, the peaker log rolled off, struck and injured Beard.

Beard brought an action against the Brittains, Luton, Winkler and Roden. These persons, who were defendants in Beard's personal injury action, are plaintiffs with Pacific Indemnity Company in the present cause. Pacific Indemnity had issued to the Brittains, doing business as the logging company, a comprehensive liability policy in the amount of $250,000 for damages because of bodily injury sustained by any person on their premises or arising out of the use of a non-owned vehicle (such as the Beard owned truck). The policy, however, did not afford any coverage to Luton, Winkler or Roden for any liability on their part.

Defendant Truck Insurance Exchange had issued to defendant Beard in California a motor vehicle liability policy in the amount of $100,000 for damages because of bodily injury sustained by any person, caused by accident and arising out of the ownership, maintenance or use of Beard's truck and trailer.

Plaintiff Pacific Indemnity Company gave notice to defendant Truck of the accident and injury to Beard and claimed coverage of the individual plaintiffs, the Brittains, Luton, Winkler and Roden, under Truck's policy with respect to any liability to Beard and defense of any lawsuit brought by him. Truck undertook an investigation of the occurrence.

Following the filing of the action by Beard, plaintiffs tendered to defendant Truck the defense of the action and made demand upon Truck that it assume their defense and acknowledge an obligation under its policy to indemnify them

against any liability they might have to defendant Beard, subject to the $100,000 monetary limit of such policy. Truck rejected the tender and demand, and denied that coverage under its policy extended to the plaintiffs Brittain, Luton, Winkler and Roden. Plaintiff Pacific Indemnity undertook the defense of its named insureds, Earl and Esther Brittain, and also provided a courtesy defense to plaintiffs Luton, Winkler and Roden under a reservation of rights.

Since this action became at issue, the negligence action brought by Beard was settled out of court for $8,000, which was paid to Beard by plaintiff Pacific Indemnity on behalf of plaintiffs Earl and Esther Brittain. Pacific Indemnity also paid the sum of $1,338.82 as expenses in investigating and defending the Beard action. The amounts are admitted to be reasonable.

### Nature of the Case and Its Disposition by the Trial Court

The present suit is for declaratory judgment. The trial court decided that the two policies, Pacific Indemnity's and Truck Insurance Exchange's, purport to be excess insurance each over the other; that the excess clauses are repugnant to each other and must be deemed to provide pro rata insurance against the loss. Pacific Indemnity, therefore, is obliged by the judgment to pay 250/350ths of the $8,000 and Truck Insurance Exchange, 100/350ths thereof. A like disposition was made of the expenses and various calculations, and awards of interest were made.

### The Appeal

Pacific Indemnity Company, the Brittains and their three employees appeal, but, of course, the party on the plaintiff side really interested is Pacific Indemnity. It is Pacific's contention that the entire amount of the loss and expenses should be borne by Truck Insurance. Truck concedes that although its policy does not specify "loading," the words "use of the vehicle" include loading operations; that the injury to Beard falls within the terms of its policy; and that the employees of the Brittains are additional insureds under the Truck Insurance policy. These concessions simply accord with well-defined law. (*Campidonica* v. *Transport Indem. Co.*, 217 Cal.App.2d 403, 406-407 [31 Cal.Rptr. 735].) Truck Insurance contends that the law justifies the prorating which was done by the trial judge.

## Whether Liability of the Logging Company
## (The Brittains) Was Vicarious or Direct

It is important to determine whether the allegations of Beard's complaint in the personal injury action charge facts which, if proved, would impose liability on the Brittains under the doctrine of *respondeat superior*, or whether they also charge a direct liability on the part of the Brittains for negligence of their own because, as will be explained more fully below, the distinction has to do with the insurance coverage.

We conclude that the charges of negligence made against the Brittains were made on the proposition of *respondeat superior* and not on the theory that the Brittains were independently negligent. Our reasons are these:

1. The charging allegations of the Beard complaint are specific in their reference to the activities of particular employees of the logging company. These allegations are:

"That on said last named date the defendants BRUCE LUTON, WINIFRED WINKLER, RAY RHODES, GEORGE TRAIN, JOHN SANDERSON, and JOHN DOE were and each was employed by all of the defendants herein, other than themselves, in the performance of their business as loggers, and on said last named date said BRUCE LUTON, WINIFRED WINKLER, RAY RHODES, GEORGE TRAIN, JOHN SANDERSON, and JOHN DOE were conducting logging operations and the harvesting of timber for their co-defendants with the knowledge, permission, and consent thereof, and as their servants, agents, and employees in conducting their business as aforesaid at the place aforesaid.

". . . . . . . . . . . .

"That at said time and place, and in the loading of logs on plaintiff's truck by defendants, and without fault or negligence on the part of plaintiff, said logs were negligently, carelessly, and improperly loaded by defendants, and were not well balanced or secured so that said logs were stable on said truck of plaintiff without binders, and as a result of the negligence of defendants as aforesaid one of said logs fell upon and injured plaintiff."

There is not a single allegation of an act or omission directly laid to the employers. Respondent Truck Insurance presently, and in the trial court, has proposed that it is possible that the negligence of which Beard complains included such matters as failure to maintain safe condition of the premises and of the implements used in the log loading, failure to supervise and control the loaders' operations, and failure to

determine that the loaders were competent. But these matters are totally absent from the Beard complaint. Of course, there is a general statement that the proximate cause of plaintiff's injury was that of the negligence ''of defendants and each of them,'' but even this is immediately qualified in the complaint by the words ''as aforesaid.''

2. If the basis of liability, as charged by Beard, were supervisory or executive responsibility of the logging company, as respondents suggest was possible (even though these matters were not pleaded by Beard), it would seem that by the investigation of the accident, which the court found Truck Insurance made before it rejected the tender of defense, these matters would have been discovered. If so, these subjects ought to have been proposed for the agreed statement of facts. If appellants rejected these proposed items from the agreed statement, the subject could have been submitted to the trial judge by evidence over and above the agreed statement.

3. In the trial court, appellants earnestly attempted to have findings made which would cover the suggestions put forth by respondents, as described above. The court did not make such findings, no doubt because the learned trial judge depended on the decision in *Standard Acc. Ins. Co.* v. *Hartford Acc. & Indem. Co.*, 206 Cal.App.2d 17 [23 Cal.Rptr. 424] (which is discussed below), and did not deem it necessary to make a distinction between facts which would impose vicarious liability on the Brittains and any facts which might charge them with direct responsibility.

Again in this court, appellants have proposed that if there is any doubt upon the subject, evidence be taken to show the true basis of liability. This, however, we think is unnecessary.

4. Finally, we note considerable similarity between this case and that of *Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal.App.2d 126 [298 P.2d 109], in which it was noted (p. 136) that in the complaint in the personal injury action which gave rise to the insurance case and in the agreed statement of facts, there was silence as to any acts or omissions on the part of the employer, except those attributed to him by the acts of the particularly named employee.

From all of the above, we conclude that, considering the facts which have been put before us and the failure of respondents to show that there is any real and not merely imaginary omission therefrom, the responsibility that was

charged against the employers, the Brittains, was a vicarious and not a direct one.

*Result of Finding Liability to Be Vicarious*

The result of the determination that Beard's cause of action against the Brittains was based on the doctrine of *respondeat superior* is arrived at by the putting together of several propositions of law (unless the insurance policies were to prevent this, a matter discussed below). The propositions of law are these:

■ 1. In California an employer may recover from his employee for loss to the employer which has been caused by the employee's negligence, which the employer has not authorized and in which he has not participated. (*Continental Cas. Co. v. Phoenix Constr. Co.,* 46 Cal.2d 423, 428 [296 P.2d 801, 57 A.L.R.2d 914] ; *Popejoy v. Hannon,* 37 Cal.2d 159, 173 [231 P.2d 484] ; *Bradley v. Rosenthal,* 154 Cal. 420, 423 [97 P. 875, 129 Am.St.Rep. 171].)

■ 2. In such a case, the employer's insurer is subrogated to the employer's right to recover from the negligent employee. (*Continental Cas. Co. v. Phoenix Constr. Co., supra,* at p. 429.)

■ 3. But the employees of the logging company admittedly are insureds under the policy of Truck Insurance Exchange and admittedly are not insureds under the policy of Pacific Indemnity Company.

4. Therefore, unless there is something in the policies to prevent it, Pacific Indemnity is subrogated as against Truck Insurance Exchange to the whole amount which had to be paid to Beard and to the amount of expenses which were incurred in giving the courtesy defense to the employees. (*Continental Cas. Co. v. Phoenix Constr. Co.,* 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914] ; *United States Fire Ins. Co. v. Transport Indem. Co.,* 244 Cal.App.2d 110 [52 Cal.Rptr. 757] ; *Industrial Indem. Co. v. General Ins. Co.,* 210 Cal.App. 2d 352 [26 Cal.Rptr. 568] ; *Pleasant Valley etc. Assn. v. Cal-Farm Ins. Co.,* 142 Cal.App.2d 126 [298 P.2d 109] ; *Canadian Indem. Co. v. United States Fid. & Guar. Co.,* 213 F.2d 658 ; *United Pac. Ins. Co. v. Ohio Cas. Ins. Co.,* 172 F.2d 836. [The federal cases, brought under diversity of citizenship, apply California law.] )

*Effect of "Other Insurance" Clauses*

■ Although clauses in the policies might have changed the effect of the principles of law cited under the last heading,

we find nothing in the policies before us which would do so. The policy of Truck Insurance Exchange provides that its coverage is excess over any other insurance available to the insured. But the insureds whose position is critical in this case, are the three employees of the logging company. There was no insurance available to them (although there was to their employer) under the Pacific Indemnity policy.

The Pacific Indemnity policy provides that its coverage is excess over any other valid and collectible insurance. The only other valid and collectible insurance is that which is immediately available to the three employees under the terms of the Truck Insurance Exchange policy. This insurance is available to their employer, the Brittains, and the employer's insurer by subrogation. This is valid and collectible insurance. Pacific Indemnity's policy, therefore, which covers the employer only, is·excess coverage.

There is nothing in the policies to disturb the effect of the principles set forth above. The liability of Truck Insurance Exchange is primary and is not subject to proration.

## Authorities Cited by Respondents

We shall now discuss the cases cited by respondents. In all but one of these cases, the one which we discuss last in this sequence, the distinction between the direct and the vicarious liability of an employer who is insured under a policy which does not cover his empolyees as well was in one way or another omitted from the decision of the case. In *Miller* v. *Western Pioneer Ins. Co.*, 237 Cal.App.2d 138 [46 Cal.Rptr. 579], the court announced its abstention from discussing the distinction (p. 145). In *Colby* v. *Liberty Mut. Ins. Co.*, 220 Cal.App.2d 38 [33 Cal.Rptr. 538], there was no discussion of vicarious liability and no need for it because the negligent operator was insured by each of two motor vehicle policies. In *General Ins. Co.* v. *Truck Ins. Exchange*, 242 Cal.App.2d 419 [51 Cal.Rptr. 462], and in *United States Steel Corp.* v. *Transport Indem. Co.*, 241 Cal.App.2d 461 [50 Cal.Rptr. 576], the subject was not considered. In *Continental Cas. Co.* v. *Zurich Ins. Co.*, 57 Cal.2d 27 [17 Cal.Rptr. 12, 366 P.2d 455], the issue of *respondeat superior* might have been discussed under the facts, but was not.

There is, however, one case which seems to be contrary to the conclusion which we have made and contrary also to the cases which we have cited above in arriving at our conclusion. It is *Standard Acc. Ins. Co.* v. *Hartford Acc. & Indem. Co.*,

206 Cal.App.2d 17 [23 Cal.Rptr. 424]. In that case, plaintiff would seem to have been in the same position as plaintiff Pacific Indemnity Company in this case, but proration was decreed. We say that the case "seems" to be contrary to our conclusion because the opinion itself gives some indication that there may have been direct negligence charged against the employer. We have examined the briefs (Vol. 3374, Records of Court of Appeal), and we find that, indeed, much was made by respondent of the charge that the employer had directly caused the accident by running the employee ragged, to use the employee's descriptive words.

But if that case is directly contradictory to our conclusion, we must simply decline, respectfully, to follow it. We regard that holding as contradictory to the holdings cited above: *Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914] ; *United States Fire Ins. Co.* v. *Transport Indem. Co.*, 244 Cal.App.2d 110 [52 Cal.Rptr. 757] ; *Industrial Indem. Co.* v. *General Ins. Co.*, 210 Cal.App. 2d 352 [26 Cal.Rptr. 568] ; *Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal.App.2d 126 [298 P.2d 109] ; *Canadian Indem. Co.* v. *United States Fid. & Guar. Co.*, 213 F.2d 658 ; *United Pac. Ins. Co.* v. *Ohio Cas. Ins. Co.*, 172 F.2d 836.

Appellants note that cases such as the leading one, *Continental Cas. Co.* v. *Phoenix Constr. Co.*, were not even discussed in the *Standard Accident* opinion. The reason for this is plain when one examines the briefs in the *Standard Accident* case. (Vol. 3374, Records of Court of Appeal.) The brief of appellant, Hartford Accident and Indemnity Company, contains but one short paragraph in opposition to proration, and does not cite the *Continental Casualty* case.

We find it impossible to follow the holding of the *Standard Accident* case (if that case makes the holding squarely, as respondents contend), without doing violence to the principle expounded by the Supreme Court in *Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R. 2d 914].

## General Considerations

We are urged by respondents to consider that Pacific Indemnity really insured against the same risk, the accident, whether the negligence be direct or derivative, and that it must have gauged its premium accordingly. But although the same *accident* would have been the cause of either type of liability, the same *persons* were not insured. ■ The insurance company is entitled to write a policy which limits its

coverage to certain persons unless the law expressly provides otherwise (as it does with vehicle *owners'* policies [Veh. Code, § 16451]), and the limitations in the provisions of the policy must be respected. (*Continental Cas. Co.* v. *Phoenix Constr. Co., supra,* at p. 432; *Industrial Indem. Co.* v. *General Ins. Co., supra,* 210 Cal.App.2d at p. 361; *Fullerton* v. *Houston Fire & Cas. Ins. Co.,* 234 Cal.App.2d 743, 750-751 [44 Cal. Rptr. 711].) We cannot tell how Pacific Indemnity measured its premium requirements—to what extent by considering the products liability and premises liability terms of the policy, or to what extent it may have considered its excess provision as a protection in eventualities such as the one present here. Our concern is not to speculate upon such matters but to follow the decisions in respect of subrogation, as in *Continental Cas. Co.* v. *Phoenix Constr. Co.* and allied cases, and to adhere to the principle that where, as here, the policies contain express provisions for what shall be primary and what shall be excess coverage, these provisions shall be given effect. (*Pacific Employers Ins. Co.* v. *Maryland Cas. Co.,* 65 Cal.2d 318, 329 [54 Cal.Rptr. 385, 419 P.2d 641].)

The judgment is reversed, with direction to the trial court to enter judgment in favor of plaintiff Pacific Indemnity Company for the full amount of the settlement, for its expenses and for a proper award of interest.

Rattigan, J., and Christian, J., concurred.